Nash, O. J.
 

 David Tates was the owner of several tracts of land, of which, one was the tract now in controversy in this suit. By their plea, the defendants admit that David Yates died seized and possessed of the other tracts, but deny he did die so seized and possessed of the one now in controversy. David Tates, by deed, conveyed the land in question to his daughter Jerusha Tates, wife of Robert Yates, and by a deed of conveyance, bearing date the 3rd of June, 1848, Robert Tates and his wife Jerusha, re-conveyed the land to David Tates. The privy examination of Jerusha Tates was informally taken by the County Court, before the death of David Tates, and subsequent to his death, her privy examination was duly taken before his Honor Judge Settle. On the part of the defendants, it was insisted that the last examination took effect, only from the time it was had, and could not refer back to the date of the deed of re-conveyance. It was proved that David Tates died in possession of the land in question.
 

 In support of their position, the case of a Sheriff’s deed, made upon the sale of land under execution, was cited, as having no relation back. The difference is obvious. The claim of a purchaser.at a Sheriff’s sale, is under the deed of the officer, which has no validity until its delivery. Here the deed was made some years anterior to the privy examination of the feme covert. The privy examination is evidence only of the wife’s previous act, and was necessary under the law to its due registration: when taken, it validates the conveyance, and completes the title of the person to whom made, who has the legal title, not under the privy examination, .but under
 
 *442
 
 the deed. The efficacy of the deed, therefore, relates back to the time when it was executed and delivered. Half the deeds of conveyance of land, made in this country, are proved years after their execution; it has never been doubted but that, when so proved and registered as directed by law, they relate back to the time when executed. Nor does the statute requiring a privy examination limit any time within which it may be taken.
 

 Pee Cukxam. There is no error in the judgment below, which is affirmed.